# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAY GENE HARRINGTON,**

    **Petitioner,**

**v.**             **Case No. 06-CV-475**

**JOHN HUSZ, Warden,**
**Milwaukee Secure Detention Facility,**

    **Respondent.**

# DECISION AND ORDER

On April 10, 2006, the Court received a habeas petition, filed pursuant to 28 U.S.C. § 2254 and dated March 16, 2006, from the petitioner Ray Gene Harrington ("Harrington"). With his petition, Harrington also filed a motion for leave to proceed *in forma pauperis* (IFP). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Before the Court can consider Harrington's request to proceed IFP, Harrington must provide certain information. Harrington submitted two different IFP petitions/applications and affidavits. The Court has considered these submissions in tandem. Both forms require the applicant to submit copies of statements for his prison trust accounts. One of the

submitted IFP forms (hereinafter "the first application") explains that these statements must be provided by an authorized officer and show "transactions for the six-month period immediately preceding the filing of [the prisoner's] motion and showing the balance of [his] release account." (First Pet. and Aff. to Proceed without Prepayment of Fees and/or Costs 2.) Harrington has not provided the Court with any such statements.

Furthermore, on the other application that Harrington provided (hereinafter "the second application"), Harrington indicates that, in the past twelve months, he received money from both "pensions, annuities or life insurance payments" and "gifts or inheritances." The second application instructs the applicant to "describe each source of money and state the amount received and what you expect you will continue to receive." (Second Application to Proceed without Prepayment of Fees and Affidavits 1, question no. 3.) Though indicating that he has received income from these sources, Harrington has not provided information about the specific source of the income, how much income he received therefrom or how much he expects from these sources in the future. Thus, the second application, like the first, is incomplete.

Of course, Harrington did not need to submit two applications and likely did so thinking that he might be penalized for submitting an incorrect or outdated form. Nevertheless, because both forms leave questions unanswered about Harrington's financial means, the Court will postpone further consideration of his request to proceed IFP until he provides this missing information. To provide this information, Harrington may submit an

amended IFP application, or he may simply submit the particular information the Court requires as set forth in this opinion. If he chooses this latter option–, i.e, only providing that information which is currently missing, Harrington should ensure that the veracity and accuracy of the information is attested to under penalty of perjury.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Harrington **SHALL** provide authorized copies of all his prison trust accounts showing transactions for the six-month period immediately preceding the filing of his petition and showing the balance of his release account. These copies must be received by the Court no later than June 30, 2006. Harrington must also complete his answer to question number three on the second application. If Harrington fails to provide either the prison trust account statements or the other requested information by June 30, 2006, his IFP application will be denied.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2006.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge