# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAY GENE HARRINGTON,**

        Petitioner,

v.                                                                          **Case No. 06-C-475**

**WISCONSIN DEPARTMENT**
**OF CORRECTIONS,**

        Respondent.

# DECISION AND ORDER

On April 10, 2006, the Court received a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, from the petitioner Ray Gene Harrington ("Harrington").[1] He accompanied his petition with a motion for leave to proceed *in forma pauperis* (IFP). On May 1, 2006, this Court ordered Harrington to submit copies of statements from his prison trust account to support his motion for IFP. Harrington complied with the Court's order, and the statements show that Harrington had a balance of only $7.54 on May 22, 2006. Accordingly, the Court is satisfied that he is unable to pay the costs of commencing this

---

[1] On June 6, 2006, Harrington's prison term ended, and he is now on probation. Accordingly, Harrington moved to have the respondent changed from John Husz, who is the warden of the facility where Harrington was incarcerated, to the Wisconsin Department of Corrections. The Court grants Harrington's motion. The Wisconsin Department of Corrections will hereafter be the respondent in this action.

1

action. *See* 28 U.S.C. § 1915(a).

When applying for IFP, Harrington must also demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2). Harrington's petition alleges four grounds for relief. The first three grounds for relief essentially allege that his attorney did not sufficiently investigate the facts of his case. The Court, therefore, will combine his first three claims as one claim of ineffective assistance of counsel.

He alleges that his counsel was ineffective because his counsel did not interview certain witnesses, did not "raise issues pertinent to [his] claims," and did not pursue other evidence that would have been beneficial to Harrington. On its face, Harrington's claim is at least colorable.

Yet, his fourth ground for relief is not. His fourth ground for relief is "diminished capacity," which, whatever that means, clearly is not an alleged violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, Harrington can only pursue his one ineffective assistance of counsel claim.

The Court next must conduct its initial review pursuant to Rule 4 of the Rules Governing Habeas Corpus Petitions. After reading his petition, it is unclear whether Harrington exhausted his state court remedies. The Court cannot grant a petition for a writ of habeas corpus unless the petitioner first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner's state court remedies are not exhausted until the petitioner has presented his claims to the state supreme court. *See*

*O'Sullivan v. Boerckel*, 326 U.S. 838, 847 (1999). Here, Harrington claims that he filed a petition for review to the Wisconsin Supreme Court in August of 2004, but that his petition "never reached [the] judge" because it was "lost."

The Court cannot definitively determine, by the face of the petition, whether Harrington's claims were fairly presented to the Wisconsin Supreme Court. Accordingly, the Court will direct the respondent to file an answer, and any other motion it deems appropriate, by July 14, 2006.

There is one final matter to resolve. On May 24, 2006, Harrington filed a motion for a temporary restraining order, asking the Court to restrain the Wisconsin Department of Corrections from enforcing parole supervision until after this case is resolved. The Court has no authority to direct a state agency to release Harrington until he shows that his confinement is in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). Harrington has not yet made such a showing. Thus, Harrington's motion for a temporary restraining order must be denied.

3

Case 2:06-cv-00475-RTR   Filed 06/23/06   Page 3 of 4   Document 10

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Harrington's Motion to Proceed *in forma pauperis* (Docket No. 2) is **GRANTED**, in part, and **DENIED,** in part. Harrington can only pursue his claim of ineffective assistance of counsel. He cannot pursue his fourth ground for relief.

Harrington's Motion to Amend his Petition for a Writ of Habeas Corpus (Docket No. 9) is **GRANTED**. The Wisconsin Department of Corrections hereafter is the respondent in this action.

Harrington's Motion for a Temporary Restraining Order (Docket No. 7) is **DENIED**.

The Respondent is directed to file an answer, and any other motion it deems appropriate, by **July 14, 2006**.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**